UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARIAN LLOYD,

    Plaintiff,

v.                                          Case No. 10-14903

CITY OF DETROIT, et al.,

    Defendants.

_____/

**OPINION AND ORDER REMANDING PLAINTIFF'S STATE LAW CLAIMS**

Pending before the court is Plaintiff's complaint, removed from Wayne County Circuit Court on December 9, 2010, which alleges the following counts:

- Count I, assault and battery under Michigan law;

- Count II, false arrest and false imprisonment under Michigan law;

- Count III, intentional infliction of emotional distress under Michigan law;

- Count IV, gross negligence under Michigan law;

- Count V, vicarious liability under Michigan law;

- Count VI, deprivations of constitutional rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and actionable under 42 U.S.C. § 1983, as well as violations of the Constitution of the State of Michigan;

- Count VII, deprivations of constitutional rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and actionable under 42 U.S.C. § 1983 against a municipality and supervisors based

upon a policy or custom of the municipality and supervisors, as well as violations of the Constitution of the State of Michigan.

As a preliminary matter, the court has original jurisdiction over Plaintiff's claims invoking § 1983.  28 U.S.C. § 1331.  Because Plaintiff's state law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise its supplemental jurisdiction over the state law claims. The law has long held, however, that supplemental (formerly "pendent party") jurisdiction may be denied if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims.  28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1968).

Plaintiff's state law claims do not have original jurisdiction in federal court.  The inclusion of Plaintiff's state claims with Plaintiff's federal claims for infringement of his constitutional rights under 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome.  Additionally, these claims would predominate over Plaintiff's § 1983 federal claims.  Pursuant to 28 U.S.C. § 1367(c)(2), (4), the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claims.  Having carefully reviewed the complaint, the court concludes that adjudicating the state law claims under supplemental jurisdiction is not in the interest of judicial economy, convenience, fairness, and comity.  *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998).

Litigation in federal court that mixes federal law claims with supplemental state law claims can cause procedural and substantive problems; in the interests of judicial economy and convenience, these problems should be avoided.  Even where the federal

and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury, result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing party attorney fees.  The apparent judicial economy and convenience to the parties of a court exercising supplemental jurisdiction over state claims may be substantially offset by problems simultaneously created.

The court finds that the circumstances present in this case create a likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome.  Although some duplication of effort may be required if Plaintiff decides to pursue all claims, any advantages to be gained by trying all claims together are outweighed by the potential for confusion of the issues, legal theories, and defenses.  The court will not exercise supplemental jurisdiction and will dismiss without prejudice all state law claims.  Plaintiff's Count VI and Count VII each include both claims under 42 U.S.C. § 1983 for deprivations of rights guaranteed under the U.S. Constitution and claims under state law for deprivations of rights guaranteed by the Michigan Constitution.  As violations of state constitutions are not actionable under 42 U.S.C. § 1983, the court will remand the claims of deprivations of rights under the Michigan Constitution.  Accordingly,

IT IS ORDERED that all of Plaintiff's state law claims including, without limitation, claims of assault and battery (Count I), false arrest and false imprisonment (Count II), intentional infliction of emotional distress (Count III), gross negligence (Count IV), vicarious liability (Count V), and deprivations of rights guaranteed by the Constitution of

the State of Michigan (found in Counts VI and VII), are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that only Plaintiff's claims arising under 42 U.S.C. § 1983 (found in Counts VI and VII) now remain before this court.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2011, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522